# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

LON ALTERMAN,

          Plaintiff,

vs.

BARNSTEAD THERMOLYNE
CORPORATION and JOHN MEEK,

          Defendants.

No. C04-1039

**ORDER**

_____

This matter comes before the court pursuant to defendants' December 2, 2005 motion to strike affidavits (docket number 33). Defendants seek to have stricken certain affidavits submitted by the plaintiff in support of his summary judgment resistance, arguing that the affidavits were provided by individuals who were not timely disclosed as persons with knowledge of relevant facts in plaintiff's Rule 26 disclosures. Alternatively, the defendants argue that certain paragraphs of the affidavits should be stricken because they do not meet the requirements of Rule 56(e).

Plaintiff resists defendants' motion, arguing that some of the affiants were, in fact, timely disclosed.[1] Further, plaintiff contends that the affidavits should not be stricken because they merely respond to defendants' unexpected and previously undisclosed criticism of plaintiff's job performance in his initial years of employment with the

---

[1] Of the six individuals complained of, i.e., Seth Hertel, Ken Murray, Jason Schmitt, James Vollmers, Mark Oberfoell and Candace Woods, plaintiff states in his resistance to defendants' motion to strike that Hertel's affidavit was faxed to the defendant on September 7, 2005 (three weeks prior to the October 1, 2005 close of discovery); Vollmers was identified by the plaintiff in his January 2005 Rule 26 disclosures; and Oberfoell's affidavit was supplied to defendants with plaintiff's responses to defendants' interrogatories on June 1, 2005. Defendants do not dispute this.

defendant.  Specifically, plaintiff claim that two of the affidavits (Schmitt and Murray) rebut criticisms contained in Richard Passanisi's affidavit, who was never identified by the defendant as a person with knowledge.  According to the plaintiff, nothing in defendants' discovery responses indicated that plaintiff's performance in his early years with the defendant would be raised as a non-discriminatory reason for his termination.  When plaintiff's early performance was raised for the first time in defendants' summary judgment motion, plaintiff contends, it would be unjust to strike the affidavits rebutting this argument.

Fed. R. Civ. P. 37(c)(1) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such failure is harmless, permitted to use such evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The court finds that, to the extent any of the complained-of affiants were not timely disclosed, such failure by the plaintiff was substantially justified given the defendants' approach to discovery.  A review of the defendants' discovery responses and depositions, which consisted predominantly of objections rather than any substantive, useful information, reveals that the defendants were less than  forthcoming or specific about the purported legitimate, non-discriminatory reasons for the plaintiff's termination.

See e.g., Deposition of Shawn Vera, p. 8, ll 13-17.

> Q:     And who in particular made that complaint [from engineering regarding plaintiff allegedly not meeting deadlines and giving vague or unsubstantiated instructions]?
>
> A:     Oh, there were a variety of people.  I know he was working at that point in time –We've had so many changes in engineers, I really can't remember the specific people at that point in time.

See Defendants' response to plaintiff's Interrogatory No. 2, which requested defendants to "[r]eport each and every reason for terminating Mr. Alterman's employment."

Answer:    Mr. Alterman was terminated for performance reasons. [Objections omitted][2]

See Defendant's response to plaintiff's Interrogatory No. 11, which requested that defendants "[s]tate each defense you assert to any allegations of Plaintiff's Complaint, setting forth the factual basis for each asserted defense."

Answer:    *[S]ee* Defendant's Original Answer. [Objections omitted]

See Deposition of John Meek, p. 25, l. 7 - p. 26, l. 2

Q:    What was your role in the decision to terminate him [the plaintiff]?
A:    It was my final decision and approval.
Q:    Okay.  Why did you make that decision?
A:    Based upon performance.
Q:    Any other reason?
A:    No.
Q:    Okay.  What about his performance led you to decide to fire him?
A:    Could you be more specific?
Q:    Well, I'm just following up on your statement that performance was the reason.  And what about it - - What about his performance caused you to fire him?
A:    His performance has been below what was minimally acceptable from a product manager.
Q:    In what way?
A:    In terms of the amount of work that was being put out, the method, the quality.
Q:    Anything else?
A:    Not that I recall.

Mr. Meek did go on to provide more specifics with respect to defendants' purported reasons for terminating the plaintiffs' employment but, overall, the above excerpt is

_____

[2]On December 23, 2005, the court ordered the Defendants to supplement their response to this interrogatory, as well as their responses to several other discovery requests.

illustrative of the defendants' reluctance to provide full disclosure consistent with the spirit of the rules of discovery. As such, defendants' motion to strike on this basis is denied.

Alternatively, defendants attack certain paragraphs of the various affidavits, arguing that those paragraphs fail to comply with Fed. R. Civ. P. 56(e) because they are not based on first-hand or otherwise admissible evidence. The court addresses each challenged paragraph in turn.

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Alterman ¶ 13: Later Meek criticized me for failing to keep the sales force apprized of new products. | Inadmissible hearsay. | Motion to strike denied. Admission by party opponent |
| Alterman ¶ 34: In the fall of 2003, I received a telephone call from George Mackey Barnstead's regional sales manager. Mr. Mackey told me that he had been asked to provide negative information about me after the Pittsburgh trip. Embarrassed, Mr. Mackey admitted that he had "ratted me out." | Inadmissible hearsay. | Motion to strike denied. Admission by party-opponent. |
| Alterman ¶ 53: The presentation was well received and generated extra traffic at the Barnstead booth. | Inadmissible hearsay; conclusory. | Motion to strike denied. Plaintiff is competent to testify as to his impressions regarding how well his presentation was received and regarding any increased traffic at the Barnstead booth where he was present. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Alterman ¶ 61: Despite Meek's signal that I could miss deadlines in the Performance Improvement Plan, I met all deadlines that were possible to meet. An example of a deadline that wasn't possible is launching the Super-Nova 10 x 10 in May, 2004. | Conclusory. | Motion to strike denied. Statement supported by sufficient, verifiable facts. |
| Alterman ¶ 63: It isn't proper to start launching or promoting a product if it isn't ready to be shipped. The company does not want back orders, or to create demand for a product that isn't available. | Conclusory and based on Alterman's personal opinion. | Motion to strike denied. The statement is not conclusory and it complies with Fed. R. Evid. 701, which governs the admissibility of opinion testimony by a lay witness, i.e., it is rationally based on Alterman's perception, it is helpful in determining a fact in issue, and it is not based on expert subject matter. |
| Alterman ¶ 87: Mr. Meek did not require other project managers to put their projects that were purchased for resale through the Gates process. | Speculation and conjecture. | Motion to strike denied. Alterman worked for Barnstead for four years and had the opportunity to observe how other product managers were treated. The accuracy of Alterman's observations can be explored on cross-examination. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Alterman ¶ 92: Except for my wife, I was the only Jewish person working at Barnstead during 2000-2004. I am aware of this because Dubuque has a relatively small Jewish community and I am active in the synagogue. | Speculation and conjecture. | Motion to strike denied. The accuracy of Alterman's observations can be explored on cross-examination. |
| Haber ¶ 6: I considered Dr. Alterman a "work friend." He confided in me about his concerns for his position, John Meek's anti-Semitic remarks and how Meek's treatment had taken the joy out of work for him. | Inadmissible hearsay. | Motion to strike denied. Plaintiff argues that this statement is not being offered to prove that Meek did, in fact, make anti-Semitic remarks, but rather to show that Alterman was worried about his job and affected by the harassment. For these purposes it is admissible. |
| Haber ¶ 7: I saw lots of positive feedback on Dr. Alterman's contributions from his vendors, distributors and customers. This feedback was typically emails and correspondence. | Conclusory; inadmissible hearsay based on the alleged statements of unidentified "vendors, distributors and customers." | Motion to strike denied. Hearsay is an out of court declaration offered to prove the truth of the matter asserted. The evidence here is a characterization of feedback, not out of court declarations. Almost all knowledge is based on hearsay. There can be no other reasonable way to prove this aspect of the plaintiff's performance. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Hertel ¶ 7: During my six and a half years at Barnstead, I did not see that anyone used or was required to use a Gant chart. Although I worked closely with the marketing department, I never saw a Gant chart at Barnstead. | Conclusory and speculative. | Motion to strike denied. Mr. Hertel is obviously competent to testify regarding what he personally observed (and did not observe) during his tenure at Barnstead. |
| Hertel ¶ 8: The culture at Barnstead was laid back and low stress. I did not have a lot of deadlines and as far as I could see deadlines were not commonly required in marketing. | Conclusory; not grounded in personal knowledge or observation; conjecture and speculation. | Motion to strike denied. Mr. Hertel worked at Barnstead for six years. He can testify as to his impressions regarding the culture there as well as the imposition (or lack thereof) of deadlines on him, and his observations regarding deadlines being imposed (or not) on others. |
| Hertel ¶ 9: I am aware of only one other (non-executive committee) employee termination while I was employed there. The termination was for cause and was based on obviously improper conduct. | Not grounded in personal knowledge or observation; states a speculative legal conclusion. | Motion to strike denied. It is received for the purpose offered, only to show the declarant's knowledge, the extent of which can be explored on cross. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Hertel ¶ 10: In 2003 I asked that Dr. Alterman provide training to several of my international customers. John Meek would not allow him to take the trip to provide this training even though Dr. Alterman was the only person qualified to do it. | Not based on personal knowledge. | Motion to strike denied. Hertel obviously has personal knowledge as to his own asking that Alterman provide training, and the fact that Alterman was not allowed to do so. Hertel's opinion regarding Alterman's qualifications is admissible pursuant to <u>Fed. R. Evid.</u> 701. |
| Hertel ¶ 12: Later, when the product was launched to the Barnstead  sales force, John Meek gave the presentation using Dr. Alterman's materials. Typically the product manager gives the presentation of his products.  Consequently I expected to see Dr. Alterman giving the presentation rather than Mr. Meek. | Not based on personal knowledge; speculative; based on personal opinion rather than fact. | Motion to strike denied.  Paragraph 11 of Hertel's affidavit states that he saw some of Alterman's marketing materials relating to the product at issue.  Therefore, he has personal knowledge as to whether these same materials he had seen were used by Meek in giving the presentation. Likewise, Hertel has personal knowledge as to who at Barnstead customarily presented new products. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Murray ¶ 4: He [Alterman] was unbelievably intelligent, very knowledgeable about scientific issues and had a pretty good business head on his shoulders. | Not based on personal knowledge; speculative; based on personal opinion rather than fact. | Motion to strike denied. Murray's affidavit states that he worked at Barnstead for four years, the last two of which he worked with Alterman. He has personal knowledge and a competent opinion Alterman's intelligence and business sense. There is nothing speculative about this statement. It is an admissible opinion pursuant to Fed. R. Evid. 701, and exactly the type of evidence Alterman would be expected to present in light of the fact that the defendants are arguing that the legitimate, non-discriminatory reason for his termination was poor performance. |
| Murray ¶ 7: Dr. Alterman had many good ideas, although not all of them were workable. | Not based on personal knowledge; speculative; based on personal opinion rather than fact. | Motion to strike denied. See ruling on Murray ¶ 4. |
| Murray ¶ 8: Dr. Alterman was able to convert some very good ideas in to [sic] realistic business possibilities. | Conclusory; not based on personal knowledge; speculative; based on personal opinion rather than fact. | Motion to strike denied. See ruling on Murray ¶ 4. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Murray ¶ 10: Dr. Alterman was a valuable member of the marketing department. | Conclusory; not based on personal knowledge; speculative; based on personal opinion rather than fact. | Motion to strike denied. See ruling on Murray ¶ 4. |
| Oberfoell ¶ 5: I saw that Mr. Alterman worked hard throughout the day, was busy on his projects and often stayed late. | Conclusory; based on personal opinion rather than fact. | Motion to strike denied. Oberfoell's statement is based on his personal knowledge and sets forth specific detail. |
| Oberfoell ¶ 6: Many times John Meek would approach Mr. Alterman at his cubicle and criticize him or what he was doing. Mr. Meek was rude, curt, demanding and critical. From my cubicle I could overhear their conversations. I don't recall ever hearing anything positive from Mr. Meek to Mr. Alterman. | Conclusory; based on personal opinion rather than fact. | Motion to strike denied. See ruling on Oberfoell ¶ 5. |
| Oberfoell ¶ 7: Mr. Alterman was polite, calm and tried to explain and respond to Mr. Meek's demands and criticisms. Many times he would not even get the chance to explain things and Mr. Meek would cut him off short with comments or turn the conversation to a different subject. | Conclusory; based on personal opinion rather than fact. | Motion to strike denied. See ruling on Oberfoell ¶ 5. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Oberfoell ¶ 8: Mr. Meek's criticism of Mr. Alterman was public and rude to the point that I was embarrassed for him. After one session I asked Mr. Alterman is he ever did anything right and his response was "for some people, it is never right." | Conclusory; based on personal opinion rather than fact; impermissible hearsay. | Motion to strike denied. See ruling on Oberfoell ¶ 5. Statement not being offered for truth of what was purportedly said. |
| Schmitt ¶ 5: Dr. Alterman's performance on the Core team was above that of Mr. Passinissi's. | Not based on personal knowledge; conclusory; based on personal opinion rather than fact. | Motion to strike denied. Mr. Schmitt worked for Barnstead for six years, worked fairly extensively with the plaintiff, and worked with Mr. Passinissi. Schmitt possesses the personal knowledge and is competent to compare and contrast Alterman and Passanissi. Schmitt's opinion in this regard is admissible pursuant to Fed. R. Evid. 701. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Schmitt ¶ 6: Mr. Passinissi had a lot of trouble meeting deadlines, trouble developing his products and providing useful marketing answers for engineering. Mr. Passinissi seemed to procrastinate in his projects for the Water team. | Based on personal opinion rather than fact; not based on personal knowledge; speculative and based on impermissible conjecture. | Motion to strike denied. Mr. Schmitt's affidavit states that he worked with Passinissi. Thus, his opinion and observations regarding Passinissi's performance are based on personal knowledge and are not speculative. They are admissible pursuant to Fed. R. Evid. 701. |
| Schmitt ¶ 7: To the best of my knowledge, Mr. Passinissi is still employed at Barnstead. | No personal knowledge as Schmitt admittedly no longer works for Barnstead. | Motion to strike denied. It is not disputed that Passinissi is still employed at Barnstead. |
| Schmitt ¶ 12: Generally, the atmosphere was low key and deadlines were not overly stressed | Based on personal opinion rather than fact; not based on personal knowledge; speculative; based on impermissible conjecture. | Motion to strike denied. Schmitt worked at Barnstead for six years, making him competent to testify as to his perception regarding the work atmosphere and the importance (or lack thereof) of meeting deadlines. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Schmitt ¶ 13: Dr. Alterman completed projects for the Core team in a timely way. While there were times that deadlines were moved back for Dr. Alterman, this happened far less frequently for Dr. Alterman's assignments than for others in on [sic] the various product development teams. | Schmitt left Barnstead in March 2003 and therefore lacks personal knowledge of Alterman's assignments during the relevant time period; irrelevant; conclusory. | Motion to strike denied. Defendants have placed at issue in this case Alterman's performance prior to March 2003, making Schmitt's testimony regarding events during this time period relevant. |
| Schmitt ¶ 15: I considered Dr. Alterman a "work friend." He expressed concerns for his position, John Meek making an anti-Semantic remark to him and how Meek's treatment distressed and worried him. | Hearsay; double hearsay. | Motion to strike denied. Plaintiff argues that this statement is not being offered to prove that Meek did, in fact, make anti-Semitic remarks, but rather to show that Alterman was worried about his job and affected by the harassment. For these purposes it is admissible. |
| Vollmer ¶ 13: Sometime after the product was introduced I ordered these new hot plates for my lab. Other departments in the university have also ordered them, although I am not aware of the number. | Not based on personal knowledge; impermissible speculation and conjecture. | Motion to strike denied. |

| Paragraph | Defendants' Objection(s) | Ruling |
|---|---|---|
| Woods Affidavit | Based on Woods' subjective interpretation of documents Bates stamped number 01697-01754. | Motion to strike denied. The summary exhibit was created from Barnstead's documents. Defendants can explain or submit contrary exhibit at trial. |

Upon the foregoing,

IT IS ORDERED that defendants' motion to strike affidavits (docket number 53) is denied.

February 10, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT